Ilsley, J.
The plaintiff and one of the defendants owned jointly a tract of land in East Feliciana, containing 610 acres, which was encumbered with a legal mortgage for $1,000 in favor of Mrs. Josephine Shirk.
Under a writ of fieri facias upon a judgment recognizing this mortgage, the land was offered for sale for cash, and no sale having been made it was again afterwards offered on twelve months’ credit, and purchased by R. J. Taylor, as agent for his wife, for the price of two hundred and fifty dollars, for which she gave her twelve months’ bond, she being at the time separate in property from her husband.
This suit is brought to recover from B. J. Taylor and his wife in solido, the sum of twenty-three hundred and seventy-five dollars, with interest, the plaintiff, Carter, alleging that B. J. Taylor, acting as the agent of his wife, agreed that in order to give his wife a title to the tract of land, he *422 would pay him, Carter, twenty-five hundred dollars, less one-half the amount bid, in consideration of Carter’s assent to the sale, and making thereby a title to Mrs. Taylor.
On the, trial of the case in the lower court, interrogatories on facts and articles were propounded by the plaintiff to B. J. Taylor, which, notwithstanding the objections of the defendant, Mrs. Taylor, to the answers thereto,.being received as evidence against her, were allowed by the Court to be read.
The main question in the case is presented by the bill of exceptions, taken by Mrs. Taylor to the ruling of the Court, as to the reception of her husband’s answers to the interrogatories.
It is only necessary to state two of the grounds of objection.
1. That husband and wife cannot be permitted to testify for or against each other.
This is the textual rule of the law, 2260, g 3, C. C., and, as was said by this Court, in Tulley v. Alexander, 11 A. 628: “ The rule, which in civil matters disqualifies the husband for or against the wife, and vice versa, founded on considerations of policy and morality, is without exception.
“ Nor does their voluntary sejiaration touch the rule, which remains inflexible.”
The plaintiff contends that the defendant, B. J. Taylor, being defendant in the suit, and being incompetent to testify as an ordinary witness against his wife, interrogatories on facts and articles were the only means left to prove the agreement.
The policy of the law is to exclude the testimony of one of the spouses for or against the other in any shape, (Cull v. Herwig, 18 A. 319) and that which cannot be done directly, cannot be done indirectly.
Besides, answers to interrogatories on facts and articles are evidence against the party interrogated, but not the other parties to the action, who have a right to cross examine the witness, by whose testimony they are to be bound. Johnson v. Marsh, 2 A. 722; Morrel v. Carr, ib. 807; Sullivan v. Williams, ib. 876.
This was the second ground in the bill of exceptions, in which it was stated that if the husband’s testimony could be used against his wife at all, it was only by making him an ordinary witness, which could not be done. The Court below, with the answer of B. J. Taylor before him, gave judgment for the defendant, and that evidence excluded, there is a stronger reason why they should succeed.
It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the costs of the appellant.